UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **CARL PRICE** | **CIVIL ACTION NO. 14-0158** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **R.N. SONYA SMITH, ET AL.** | **MAG. JUDGE JAMES D. KIRK** |

**MEMORANDUM ORDER**

This is a civil rights action brought pursuant to 28 U.S.C. § 1983 by Plaintiff Carl Price ("Price"), a former prisoner in the Franklin Parish Detention Center. Price claims that, while he was incarcerated, Defendants Sonya Smith, R.N. ("Smith"); Dana Lee, R.N. ("Lee"); Chad Lee, Warden of the Franklin Parish Detention Center ("Warden Lee"); and Kevin W. Cobb, Sheriff of Franklin Parish ("Sheriff Cobb") were deliberately indifferent to his medical needs, which resulted in his foot being partially amputated.

On April 21, 2014, Defendants filed a Motion to Dismiss. [Doc. No. 12]. On August 5, 2014, Magistrate Judge Kirk issued a Report and Recommendation [Doc. No. 27] recommending that the Court grant the motion and dismiss Price's claims. The Court reviewed Price's objections [Doc. No. 31], Defendants' Response [Doc. No. 35], and Price's Reply and supplemental affidavit [Doc. No. 38]. After review, the Court construed Price's supplemental affidavit as a motion to amend his Complaint. In light of the averments contained in the affidavit, the Court found Price had presented "sufficient allegations that the nurses and Warden Lee's actions and inactions were substantially certain to produce serious injuries to Price." [Doc. No. 39]. " Accordingly, **at this stage**," the Court found that "these defendants are not entitled to qualified immunity," declined to adopt the Magistrate

Judge's Report and Recommendation, and denied the Motion to Dismiss. *Id.* (emphasis added).

On November 3, 2014, the Court granted Price's voluntary Motion to Dismiss Warden Lee and Sheriff Cobb. Those Defendants have been dismissed without prejudice, leaving only Smith and Lee as Defendants in this matter.

On November 12, 2014, Defendants filed a Motion for Limited Discovery [Doc. No. 47], seeking discovery on qualified immunity. Price opposed the motion. [Doc. No. 50].

However, on December 5, 2014, Magistrate Judge Kirk issued an Order [Doc. No. 55] granting Defendants' Motion for Limited Discovery. Magistrate Judge Kirk's Order provided for (1) a 120-day period of discovery limited to the issue of qualified immunity, (2) a time period for filing dispositive motions after the close of discovery, (3) the setting of a status conference after the resolution of any dispositive motions on qualified immunity, and (4) the exchange of initial disclosures.

On December 9, 2014, Price filed an appeal of Magistrate Judge Kirk's Order [Doc. No. 56]. Price argues that Magistrate Judge Kirk's Order is clearly erroneous or contrary to law because the Court denied Defendants' Motion to Dismiss on the basis of qualified immunity. Therefore, Price contends that "[t]here is no legal support for limiting discovery to issues associated with qualified immunity <u>after</u> the District Court has already denied a Rule 12(b) motion and the matter is proceeding to trial." *Id.* at ¶ 12.

Defendants oppose the appeal. [Doc. No. 58]. They contend that the issue of qualified immunity has not been "fully and finally resolved," but that the Court determined only that Price's "asserted facts . . . when taken as true, serve to overcome the defense of qualified immunity at the pleading stage." *Id.* Citing Supreme Court and Fifth Circuit precedent, Defendants argue that Price

is not entitled to full discovery at this stage, but only discovery on the issue of qualified immunity. Thus, they argue that Magistrate Judge Kirk's order was neither clearly erroneous nor contrary to law and should be affirmed.

In his Reply [Doc. No. 61], Price argues that the case law cited by Defendants is inapplicable. Instead, Price argues that the case law supports its arguments that limited discovery should not be allowed now that the Court had denied Defendants qualified immunity.

Under 28 U.S.C. § 636(b)(1)(A), the Court must review Magistrate Judge Kirk's ruling on this non-dispositive matter under the clearly erroneous/contrary to law standard.

Contrary to Price's unfounded conclusion, the Court has **not** denied Defendants' qualified immunity defense. The Court determined only that Price had alleged sufficient facts which, if true, would be sufficient to defeat qualified immunity in the context of a Rule 12(b)(6). *See Zapata v. Melson*, 750 F.3d 481, 484-85 (5th Cir. 2014). It was and is the intent of the Court to allow Defendants to re-assert the qualified immunity defense through a motion for summary judgment, if such a motion is appropriate, after the parties have had an opportunity to conduct limited discovery on this issue. *See Schultea v. Wood,* 47 F.3d 1427, 1433-34 (5th Cir. 1995) ("The district court need not allow any discovery unless it finds that plaintiff has supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts. Even if such limited discovery is allowed, at its end, the court can again determine whether the case can proceed and consider any motions for summary judgment under Rule 56.").

Accordingly, the Court finds that Magistrate Judge Kirk's Order was neither clearly erroneous nor contrary to law, but was narrowly tailored to allow the parties to conduct limited

discovery on the qualified immunity defense which may still be available to Defendants by way of filing a dispositive motion. Therefore,

IT IS ORDERED that Price's appeal [Doc. No. 56] is DENIED, and Magistrate Judge Kirk's Order [Doc. No. 55] is AFFIRMED.

MONROE, LOUISIANA, this 5th day of February, 2015.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE